Alton R. SCHABO, Appellant,

v.

COUNTY OF MERCER, a body politic of
the STATE OF NEW JERSEY, by its
BOARD OF CHOSEN FREEHOLDERS
who are Richard J. Coffee, Joseph R.
Gruerio, Frank J. Black, Thomas F.
Rhodes, Sr., Arthur R. Sypek, George
J. Sutch and Charles Kovacs.

Alton R. SCHABO, Appellant

v.

Mary B. JOHNSON and Catherine C. Ber-
ger, Administratrices of the Estate
of John W. Condon, deceased.

Nos. 14451, 14452.

United States Court of Appeals
Third Circuit.

Argued March 2, 1964.

Decided June 22, 1964.

Leon H. Kline, Philadelphia, Pa. (Mar-
tin H. Philip, Palmerton, Pa., Bruce
Schragger, Trenton, N. J., on the brief),
for appellant.

Kenneth J. Dawes, Trenton, N. J.
(Dawes & Dawes, Trenton, N. J., for de-
fendant-appellee, Mercer County; Scott,
Fox & Walsh, Trenton, N. J., for de-
fendants-appellees, Mary B. Johnson and
Catherine C. Berger, Administratices of
the Estate of John W. Condon, deceased,
on the brief), for appellees.

Before McLAUGHLIN and FORMAN,
Circuit Judges, and LEAHY, District
Judge.

LEAHY, District Judge.

Plaintiff, a pedestrian, was struck by a vehicle owned by the County of Mercer, in the State of New Jersey, and operated by its then Sheriff, John Condon. The accident occurred a short time after 2:00 a. m., on Nottingham Way, a three-lane, concrete highway, having on its north side a macadam shoulder estimated to be fifteen or sixteen feet wide.

Prior to the accident, plaintiff had several drinks of whiskey at a tavern situated on Nottingham Way. He arrived there 12:30 a. m. and departed 2:00 a. m. with five friends. Evidence presented showed plaintiff and his companions walking four abreast on the shoulder of the highway, a place of known danger to plaintiff; they were walking with traffic instead of facing it as required by the applicable New Jersey Motor Vehicle Act; and plaintiff was aware of the sidewalk on the other side of the road. Prior to impact, Sheriff Condon was driving between thirty and forty miles per hour in a fifty miles per hour speed zone, the right side of his vehicle being about a foot on the macadam shoulder. Defendants, representatives of Condon's estate and County of Mercer, contend plaintiff was engaging in "horse play" and stumbled into the path of the automobile. Plaintiff contends Condon was negligent in not operating in the proper section of the road and in not observing the pedestrians in time to avoid the accident, since the Undersheriff, who was about sixty feet to the rear of Condon, saw their heads "bobbing up and down."

Plaintiff moved for directed verdict as to contributory negligence, which was denied. The jury returned a verdict of no cause of action, since both defendants and plaintiff were negligent. Plaintiff's motion for judgment or new trial was denied, and these appeals followed.[1]

■ 1. JURY CHARGE. Plaintiff contends the charge of the court on applicable legal principles is no different from that condemned as "most general and inadequate" in McNello v. John B. Kelly, Inc., 3 Cir., 283 F.2d 96, 101–102, and Atkinson v. Roth, 3 Cir., 297 F.2d 570, 574. We disagree.

While no effort was made in McNello and Atkinson to explain to the jury application of principles of law to various possible factual conclusions, the trial court in the instant case pointed out with clearness and conciseness the precise issues in controversy and relevant rules of law. A succinct recital of the evidence with instructions on alternate conclusions distillable from the evidence was given. The contentions of the parties were outlined and the functions of the court and jury and the burden of proof of negligence and contributory negligence was described. In connection with the duty required of Condon, the trial judge stated:

"I charge you that Sheriff Condon was under a duty in the operation of the County car that he had in his control. He was under a duty to exercise the degree of care, precaution and vigilance which a reasonably prudent person would have exercised at the time and at the place and under the circumstances that then existed on the early morning of September 25. If Sheriff Condon did not exercise that degree of care, the reasonably prudent man rule, if he did not, he was guilty of negligence. If he did not exercise that degree of care, he was negligent.

And if that negligence was the sole and proximate cause of subject accident wherein plaintiff sustained these injuries, then the plaintiff is entitled to a verdict against Sheriff Condon. He would also be entitled to a verdict against the County of Mercer. Sheriff Condon's negligence, if you find he was negligent, is imputable to the County of Mercer, and this is so because under the law of New Jersey which governs here, a

---

1. Jurisdiction of the district court was based on diversity of citizenship and amount under 28 U.S.C. § 1331.

governmental agency is liable for the wrongful acts of commission of its employees acting within the scope of their employment, and I charge you the negligent driving of an automobile, if you find such, is a wrongful act of commission."

After discussing the theory of negligence insofar as it pertained to defendants, the trial judge gave corresponding instructions as to the duty required of plaintiff and the theory of negligence as to him.

█ Also explained by the trial court was the concept of proximate cause and the relation of that doctrine to the evidence. Plaintiff contends, however, the verdict that both defendants and plaintiff were negligent demonstrates the jury did not understand negligence of plaintiff did not preclude recovery in the absence of proximate causation. In view of the court repeating on numerous occasions plaintiff's negligence must be the proximate cause of the accident to bar recovery,[2] we are satisfied the jury had the necessary understanding of what was required for a verdict of no cause of action. That the foreman's announcement of the verdict did not coincide verbatim with the court's form of verdict is without significance.[3]

█ We conclude the trial judge gave an adequate charge as to applicable legal principles and their relation to the evidence. But even assuming, *arguendo,* the charge was erroneous, the verdict could not be set aside since no objection as required by Rule 51, Fed.R.Civ.Proc., 28 U.S.C. was made. We could not deem the charge, in any event, to be so fundamentally unfair as to have resulted in a gross miscarriage of justice.

█ 2. REFERENCE TO CONSUMPTION OF WHISKEY. Plaintiff argues it was prejudicial abuse of discretion to permit comment by defense counsel and testimony as to consumption of whiskey by plaintiff prior to the accident. Reference is made by plaintiff to Rosa v. City of Chester, 3 Cir., 278 F.2d 876, 879, in which the following is stated:

"* * * the Pennsylvania courts would consider the admission of the evidence of drinking intoxicating

2. The court charged: "And if Alton Schabo did not use that degree of care on this occasion and he was guilty of negligence, I charge you that his negligence, if you find he was negligent, if it was the sole and proximate cause of the subject accident wherein he was injured, would bar him from recovery against either of the defendants."

"I tell you that if you find as sole and exclusive judges of the facts that both Sheriff Condon, the operator of the car, the County car, was negligent and that Mr. Schabo was also negligent and that their negligence concurred, joined together proximately, even although their negligence was negligence in different degrees, unequal degrees, if their negligence concurred together, joined together proximately, efficiently in the production of subject accident, then I charge you the plaintiff again would not be entitled to recovery in this case."

Again the court charged: "If the greater weight of the evidence convinces you that the plaintiff was guilty of negligence at this time and place which negligence was the sole and proximate cause of this accident, then the plaintiff would not be entitled to a verdict at your hands against either defendant.

"And if the greater weight of the evidence convinces you that both Sheriff Condon, driver of the car, and the plaintiff pedestrian were guilty of negligence and that negligence combined proximately, efficiently with production of this accident, then the plaintiff would not be entitled to a verdict at your hands against either of the defendants."

The above was reiterated once more as follows: "If you find in favor of the defendants on the basis that it was the plaintiff's negligence that was the sole and proximate cause of subject accident or that the negligence of both plaintiff and defendants combined proximately in the production of this accident, you would simply return a verdict in the form: 'We find a verdict in favor of defendants and against the plaintiff of no cause of action.'"

3. The following verdict was rendered: "We, the jury, have reached a verdict that both defendants and the plaintiff were negligent and find no cause of action."

The court's form was: "We find a verdict in favor of defendants and against the plaintiff of no cause of action."

beverages by Thompkins and the purchase of whiskey by the decedent of a prejudicial nature, unless its probative value, in some way, outweighed the prejudice." [4]

Since the courts of New Jersey, however, have not faced the problem and no Federal statute or rule of evidence exists on the matter, we decide the issue on general principles of relevancy and materiality, guided by the liberal language of Rule 43(a), Fed.R.Civ.Proc., 28 U.S.C.

Drinking intoxicating liquor often impairs to some degree one's normal abilities to use due care. Consumption between 12:30 a. m. and 2:00 a. m. was close in time to the accident so as to have a possible bearing on plaintiff's condition when the accident occurred. Whether plaintiff was acting as a reasonably prudent person walking in a place of known danger and in violation of a Motor Vehicle Act after drinking intoxicating liquor was an important fact question to be decided by the jury. The jury was entitled to weigh and consider all circumstances surrounding the accident. We therefore conclude, under the facts of this case, defendants cannot be deprived use of this material and relevant evidence merely because it might tend to prejudice plaintiff in the eyes of the jury.

Comments by defense counsel in his summation as to the probability of plaintiff stumbling into the path of the automobile were within the realm of proper argument. The remarks were expressions of counsel's views fairly deductible from the evidence.

■ 3. No Misstatements of Fact. The court in its charge, according to

plaintiff, stated as a fact he was dressed in dark clothes although no such evidence appears in the record. Examination of the charge indicates the court prefaced mention of that fact as being one of the contentions of defendants.[5] Moreover, the jury was warned it was the sole judge of the facts, and its recollection of the evidence was controlling.

The issues of negligence, contributory negligence and proximate cause having been decided in accordance with admissible evidence and under a proper jury charge, the judgment of the trial court will be affirmed.

---

4. In *Rosa* there was no evidence of consumption of the bottle of whiskey and consumption of the three glasses of beer had taken place 'more than five hours prior to the accident.

5. After discussing the contentions of plaintiff, the court set forth the contentions of defendants as follows:

"The defendant, representatives of the Sheriff's estate, and the defendant, County of Mercer, both deny negligence on the part of the Sheriff and contend the

plaintiff was improperly and negligently walking in a westerly direction along the road, that he stepped out in front of the car driven by Sheriff Condon and that the Sheriff endeavored to avoid striking the plaintiff and was unable to do so through no fault of his own, that plaintiff was proceeding on the road contrary to the Traffic Act of the State of New Jersey, dressed in dark clothes, that he was improperly on the macadam and concrete portion of the highway."